RECEIVED
FEB 17 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..................................................
UNITED STATES OF AMERICA,

VS.

ITZHAK COHEN
..................................................

JUDGMENT INCLUDING
SENTENCE

NO. __CR 02-99(S-1)-02(JG)__
USM# __62692-004__

__Jonathan E. Davis, Esq.__   __Anthony Frisilone__   __Robert S. Wolf, Esq.__
Assistant United States Attorney   Court Reporter   Defendant's Attorney

The defendant __Itzhak Cohen__ having pled guilty to count three of the superceding indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | COUNT NUMBERS |
|---|---|---|
| 21 USC 846 AND 841(b)(1)(C) | CONSPIRACY TO DISTRIBUTE AND TO POSSES WITH INTENT TO DISTRIBUTE MDMA | THREE |

    The defendant is sentenced as provided in pages 2 through 4 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.
___ The defendant is advised of his/her right to appeal within ten (10) days.
___ The defendant has been found not guilty on count(s) and discharged as to such count(s)
_X_ All open counts are dismissed on the motion of the United States.
___ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
_X_ It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.

    It is further ORDERED that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

JUNE 9, 2006
Date of Imposition of sentence

JOHN GLEESON, U.S.D.J.
Date of signature
A TRUE COPY ATTEST
DEPUTY CLERK   6-15-06

The United States Department of Justice certifies that this is a true copy of the original document in the inmate's file maintained by the Bureau of Prisons.

For: Office of Enforcement Operations
United States Department of Justice

DEFENDANT: ITZHAK COHEN
CASE NUMBER: CR 02-99(S-1)-02 (JG)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ____ **TWO HUNDRED AND TEN (210) MONTHS.**

_X__ The defendant is remanded to the custody of the United States Marshal.

_X_ **The Court recommends that the defendant be designated to the Otisville Correctional Facility, if consistent with the Bureau of Prison policy.**

___ The defendant shall surrender to the United States Marshal for this District.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

_____ 12:00 noon, __________.
_ As notified by the United States Marshal.
_ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

______________________________________________________________

______________________________________________________________

______________________________________________________________

Defendant delivered on ________ to __________ at ____________ with a certified copy of this Judgment

____________________
United States Marshal

By: ________________

DEFENDANT: ITZHAK COHEN
CASE NUMBER CR 02-99(S-1)(02(JG)

JUDGMENT-PAGE 3 OF 4

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

— The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

IF AND WHEN THE DEFENDANT IS DEPORTED HE MAY NOT RE-ENTER THE UNITED STATES ILLEGALLY. THE DEFENDANT IS TO RECEIVE SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION DEPARTMENT.

DEFENDANT: ITZHAK COHEN                                        JUDGMENT-PAGE 4 OF 4
CASE NUMBER: CR 02-99(S-1)(02)(JG)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.



**State Of Israel**
Ministry Of Justice
**Office Of The State Attorney**
*Department Of International Affairs*



מדינת ישראל
משרד המשפטים
**פרקליטות המדינה**
*המחלקה לעניינים בינלאומיים*

51-174

<u>By Fax 001 202 514 9003</u>                                   3 January 2011
Ms. Paula A. Wolff, Chief,
International Prisoner Transfer Unit
Office of Enforcement Operations
Criminal Division, U.S. Dept. of Justice
12th Floor, John C. Keeney Building
Washington D.C. 20530

Dear Ms. Wolff,

### Re. Prisoner Transfer- Itzhak Cohen, Reg. No. 62692-004

Further to your letter of August 15, 2008, and our letter of July 21, 2009, the State of Israel has reconsidered its position on the transfer of Itzhak Cohen and now consents to his transfer to Israel in order for him to serve the sentence imposed on him by the United States District Court Eastern District of New York.

Itzhak Cohen was born in Israel and is therefore an Israeli citizen in accordance with Section 2 (b)(3) of Israel's Nationality Law.

The "continued enforcement of the sentence" is the procedure applied by Israel when transferring a prisoner from another country, in order for him to serve his sentence in his country of nationality.

The following offense corresponds to that for which Itzhak Cohen was convicted in the U.S:

Export, import, trade and supply         Section 13, Dangerous Drugs Ordinance,
                                         (New Version) 1973

A copy of the relevant section of Israel's Dangerous Drugs Ordinance is attached hereto.

---

**State Of Israel**
Ministry Of Justice
**Office Of The State Attorney**
*Department Of International Affairs*



ינת ישראל
משרד המשפטים
**פרקליטות המדינה**
המחלקה לעניינים בינלאומיים

The 210 month sentence imposed upon Itzhak Cohen by the United States District Court Eastern District of New York will be enforced in Israel in accordance with Israeli prison regulations.

Israeli prison regulations also provide for the release of a prisoner after he serves two thirds of his sentence if the parole board believes that his early release would facilitate his rehabilitation and his release presents no danger to the public. The parole board also takes into consideration the prisoner's good behavior. This regulation would also apply to Itzhak Cohen.

Yours faithfully,

Regina Tapoohi
Senior Deputy to the State Attorney

7 Mahal St., P.O.B 491237 Jerusalem  97765 Jerusalem, 491237 ת"ד, 7 מח"ל רח'
Tel: 02-5419601 -- :טל
Fax: 02 5419644: פקס

contravenes the provisions of this section shall be liable to imprisonment for a term of fifteen years or a fine of half a million pounds; and if the utensils are used for his own drug consumption only, he shall be liable to imprisonment for a term of three years or a fine of fifty thousand pounds.

**Authorised possession.**

11. Possession of a drug mentioned in Part II of the First Schedule shall be deemed authorised for the purposes of this Ordinance if —

   (1) the possessor is a pharmacist and the drug is kept on his licensed premises; or

   (2) the possessor is a medical practitioner, dentist or veterinary surgeon authorised under any enactment concerning medical practitioners, dentists or veterinary surgeons to keep any such drug; or

   (3) the possessor proves that the drug in his possession was obtained by him from a pharmacist and was produced in accordance with the provisions of the Pharmacists Ordinance (New Version), 5739-1979, or that the drug was obtained from a physician or veterinary surgeon allowed by law to dispense drugs or medicine, or

   (4) it is authorised by regulations made under this Ordinance.

**Authorised use.**

12. The use of a dangerous drug is permitted if it is for curative purposes and the drug has been supplied to the user by a pharmacist, physician or veterinary surgeon on the conditions set out in section 11(3) or has been supplied under a licence.

### Article Two : Trade and Transit

**Export, import, trade and supply.**

13. A person shall not export, import or facilitate the export or import of, or trade in, or effect any other transaction in respect of, or supply a dangerous drug in any manner whatsoever, whether with or without consideration, save in so far as permitted by this Ordinance or by regulations made thereunder, or under a licence from the Director.

**Acting as go-between.**

14. A person shall not act as a go-between, whether with or without consideration, in respect of an act prohibited under section 13.

**Conveying in transit.**

15. A person shall not convey any dangerous drug through Israel in transit save from a country from which it may be lawfully exported to a country into which it may be lawfully imported. If the drug comes from a country party to the Convention, it shall, moreover, be accompanied by a valid export permit or diversion permit.

**Diversion.**

16. (a) No person shall, except under a diversion permit, cause any dangerous drug brought into Israel in transit to be diverted to any destination other than that to which it was originally consigned.

   (b) Where a drug in transit is accompanied by an export permit or diversion permit from a competent authority of a foreign country, the country of destination indicated in the permit shall be regarded as the country to which the drug was originally consigned.

**Moving drug in transit.**

17. (a) A person shall not remove any dangerous drug from the conveyance by which it is brought into Israel in transit, or move any dangerous drug in Israel after removal as aforesaid, save under a removal licence from the Director of the Department of Customs and Excise.

   (b) The issue or refusal of a removal licence as aforesaid shall be at the absolute discretion of the Director of the Department of Customs and Excise.

**Tampering with drug in transit.**

18. A person shall not subject any dangerous drug in transit to any process which would alter its nature, nor wilfully open or break a package containing any such drug, save upon the instructions of the Director and in such manner as he may direct.

**Restriction on application.**

19. The provisions of sections 15 to 18 shall not apply —

   (1) to a dangerous drug in transit by the post;

   (2) to a dangerous drug in transit by air if the aircraft passes over Israel without landing;

   (3) to such a quantity of a dangerous drug as may, bona fide, reasonably form part of the medical stores of any vessel or aircraft.

**Penalties.**

19A. A person who contravenes the provisions of this article shall be liable to imprisonment for a term of fifteen years or a fine of half a million pounds.

**Control of dangerous drugs in transit.**

20. Subject to the restriction imposed by section 19, the Director of the Department of Customs and Excise or an officer authorised by him may require the production of the export permit or diversion permit relating to a consignment of dangerous drugs carried in transit through Israel and take such further action in respect of the consignment as may be prescribed by regulation.

### Article Three : Enticement of Minors

**Inducing minor to use dangerous drug.**

21. (a) A person who does any of the following shall be liable to imprisonment for a term of twenty years or a fine of half a million pounds:

   (1) gives a dangerous drug to a minor;

   (2) being a person responsible for a minor suffers him to obtain or use a dangerous drug;

   (3) instigates a minor to obtain or use a dangerous drug.

03-JAN-2011 11:30 FROM TO 90131320251490003 P.03
TOTAL P.03



**U.S. Department of Justice**

10th & Constitution Avenue, N.W.
Criminal Division
Office of Enforcement Operations

---

International Prisoner Transfer Unit
John C. Keeney Building, 12th Floor
Washington, D.C. 20530

AUG 1 5 2008

Gal Levertov, Director
Department of International Affairs
Ministry of Justice
29 Salah A-din Street, P.O. Box 1087
Jerusalem, Israel 91010

    Re:    Itzhak Cohen, Reg. No. 62692-004
             Approval of Request to Transfer to Israel Under the
             Convention on the Transfer of Sentenced Persons

Dear Mr. Levertov:

       The United States has approved the request of the above-referenced prisoner to transfer to Israel to serve his prison sentence. The prisoner is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey. The sentence is final at the present time since there are no appeals or post-judgment collateral proceedings pending. Enclosed for your consideration are the following documents:

1. Transfer inquiry form;

2. Copy of birth certificate and/or passport;

3. Copy of the certified judgment;

4. Certified copy of the applicable laws;

5. Information concerning administration of the sentence;

6. Case summary and addendum;

7. Fingerprints and photograph.

record 8/14/08 AA      Paw - 8/14/08

If you decide to request the prisoner's transfer, please provide the following:

1. A document or statement confirming that Israel approves or consents to the transfer;

2. A document or statement confirming that the prisoner is a national of Israel for the purposes of the Convention;

3. A copy of the relevant law which makes the offense for which the prisoner is in custody in the United States a criminal offense in Israel;

4. A statement as to whether the "continued enforcement" procedure or the "conversion of sentence" procedure would be applied; and

5. A statement indicating the nature and duration of the sentence which the prisoner will serve if he is transferred. Please include information about arrangements for remission and conditional release.

Sincerely,

Paula A. Wolff, Chief
International Prisoner Transfer Unit

Enclosures

cc without attachments:

Simon Perry, Police Attaché
Embassy of Israel
3514 International Drive, N.W.
Washington, D.C. 20008

Irit Stopper, Consul
Consulate General of Israel
800 2nd Avenue, 13th, 14th, 15th Floor
New York, NY 10017

Sandra Kaz
Federal Bureau of Prisons

Neal Sher, Esq.
The Chrysler Building
132 East 43rd Street, Suite 304
New York, NY 10017

## Administration of the Sentence

| | |
|---|---|
| Name: | Itzhak Cohen |
| Sentence: | 210 months |
| Starting date of Sentence: | June 9, 2006 |
| Jail time credit from March 25, 2002 through June 8, 2006: | 1537 days |
| Good conduct time earned as of August 13, 2008: | 324 days |
| Full term release date: (Maximum sentence) | September 23, 2019 |
| Projected release date if prisoner remains in the United States: | June 22, 2017 |